783 S.E.2d 241

**In the Matter of Stephen W. STUFKO, Jr., Respondent.**

**Appellate Case Nos. 2016–000719, 2016–000720.**

Supreme Court of South Carolina.

April 7, 2016.

## ORDER

The Office of Disciplinary Counsel asks this Court to place respondent on incapacity inactive status pursuant to Rule 28 of the Rules for Lawyer Disciplinary Enforcement (RLDE) contained in Rule 413 of the South Carolina Appellate Court Rules and for the appointment of the Receiver pursuant to Rule 31(c), RLDE, Rule 413, SCACR.

IT IS ORDERED that respondent is transferred to incapacity inactive status until further order of this Court.

IT IS FURTHER ORDERED that Peyre Thomas Lumpkin, Esquire, Receiver, is hereby appointed to assume responsibility for respondent's client files, trust account(s), escrow account(s), operating account(s), and any other law office accounts respondent may maintain. Mr. Lumpkin shall take action as required by Rule 31, RLDE, Rule 413, SCACR, to protect the interests of respondent's clients. Mr. Lumpkin may make disbursements from respondent's trust account(s), escrow account(s), operating account(s), and any other law office accounts respondent may maintain that are necessary to effectuate this appointment.

This Order, when served on any bank or other financial institution maintaining trust, escrow, operating, and any other

law office account(s) of respondent, shall serve as an injunction to prevent respondent or anyone other than Mr. Lumpkin from taking any action regarding those accounts, including, but not limited to, making any withdrawal or transfer, or writing any check or other instrument on the account(s). This order shall further serve as notice to the bank or other financial institution that the Receiver, Peyre Thomas Lumpkin, Esquire, has been duly appointed by this Court.

Finally, this Order, when served on any office of the United States Postal Service, shall serve as notice that the Receiver, Peyre Thomas Lumpkin, Esquire, has been duly appointed by this Court and has the authority to receive respondent's mail and the authority to direct that respondent's mail be delivered to Mr. Lumpkin's office.

Mr. Lumpkin's appointment shall be for a period of no longer than nine months unless an extension of the period of appointment is requested.

Finally, we hereby direct that Mark Zarra, who is employed in respondent's law office, cooperate with Mr. Lumpkin in fulfilling his duties as Receiver in this matter.

s/Costa M. Pleicones, C.J.